Donald J. Frantz

Plaintiff Pro Se

JS 3848

SCI Laurel Highlands

5706 Glades Pike

Somerset, PA 15501-0631

**FILED
SCRANTON**

SEP 0 6 2013

PER_____

DEPUTY CLERK

----------------------------

In the United States District Court for the

Middle District of Pennsylvania

Donald J. Frantz,                        :

    Plaintiff,                          :

v.                                       :  No.

Mario Fasullo  and                       :

Michael J. Gathany, Esq,                 :

    Defendants.                        :

### Complaint

### Jurisdiction

1.   Jurisdiction is pursuant to 18 U.S.C. 1964(c), 28 U.S.C. 1331 and 1332(a)(1).

### The Parties

2.   Plaintiff is Donald J. Frantz.  While he is presently incarcerated at SCI Laurel Highlands, 5706 Glades Pike, Somerset, Pa., he is domiciled in Florida at 887 Leeward Road, Venice, Fla.

3.   Defendant Michael J. Gathany, Esq. ("Gathany"), an attorney at law practicing at 63 Main Street, Halstead, Pa.

4    Defendant Mario Fasullo ("Fasullo"),  resides and is domiciled at 42 Superior Court, Floral, Park, NY.

The Relevant Facts

5.   During 2005, plaintiff purchased one property in Susquehanna County and one property in Wyoming County, with 2 tracts, from O'Reilly, with O'Reilly holding the first mortgage on both properties.  Subsequently there were gas and oil leases obtained increasing the value of these properties.

6.   At the same time he agreed with Anita Foux ("Foux"), that he would purchase her property in Wyoming County and take over her mortgage payments with Community Bank.  Plaintiff bought the property from her in 2006.

7.   During 2008, plaintiff fell behind in his mortgage payments to O'Reilly.  Plaintiff told O'Reilly that he needed time to sell the properties.  They reached an agreement in February, 2009, that O'Reilly would give plaintiff additional time to make his payments and in consideration, plaintiff would give O'Reilly a second mortgage on the Foux property.

8.   Inspite of having given O'Reilly the promised second mortgage on the Foux property, O'Reilly instituted foreclosure proceedings on the Susquehanna County property, by filing a complaint on April 9, 2009.

9.   On May 27, 2009, plaintiff filed a pro se Answer and New Matter to the Complaint.  The new matter saidd that O'Reilly had agreed to give plaintiff additional time and that the property was listed with realtors and that there were potential buyers.

10.   On June 18, 2009, counsel for O'Reilly filed a motion for summary judgment and supporting brief.  A hearing on the motion was set for July 21, 2009.

-2-

11.  Plaintiff spoke to Gathany over the telephone from his home in Florida, explained that he needed more time to sell the properties, which had increased in value since plaintiff purchased them, and, on July 20, 2009, retained Gathany to represent him, for the purpose of delaying foreclosure for as long as possible, so that he could find a buyer or a partner with financing. At no time did Gathany tell plaintiff that he is the solicitor for the Susquehanna County Sheriff and performs a title search for each Sheriff's foreclosure sale (Ex. A).

12.  On July 21, 2009, Gathany filed a motion for continuance in Susquehanna County Common Pleas court (Ex. B) and the hearing was continued until September 1, 2009.

13.  When Gathany failed to get a further continuance, plaintiff hired counsel to file for Chapter 13 protection in the U.S. Bankruptcy Court in Tampa, Florida, to get, inter alia, the benefit of the automatic stay.

14.  On February 1, 2010, plaintiff listed a half interest in the two O'Reilly properties and the Foux property, for sale with Century 21, for $518,900. After many interstate phone conversations with Fasullo who was at his home in New York, Fasullo agreed to buy a half interest in the properties for a total price of $375,000, the sale was contingent on Fasullo being able to arrange financing for the property, and the closing was set for April 19, 2010. As a result, plaintiff took these properties off of the market.

15.  The Chapter 13 proceedings were finally dismissed on February 22, 2010.

-3-

16.   The hearing on O'Reilly's motion for summary judgment was held on February 23, 2010 and Gathany, who was also, without having informed plaintiff, representing Fasullo at his time, represented plaintiff at the hearing.  Gathany did not file a brief in opposition as required by the local rules and did not submit an affidavit from plaintiff in opposition.  As a result judgment was entered against plaintiff in favor of O'Reilly, which is what Fasullo and Gathany intended when Gathany did not file the brief and affidavit, since Fasullo wanted to purchase the Susquehanna County property at, or after, the sheriff's sale, rather than from plaintiff, under the terms of their contract.

17.   Gathany prepared a title search on the Susquehanna County property before March 30, 2010, at the request of the sheriff, for which he was paid a fee of $250..

18.   Instead of closing, Fasullo, who was on a conference call with Century 21 in Pennsylvania, and speaking from his NY home, asked for additional time, which plaintiff, relying on Fasullo's false representations that he intended to close, agreed to.  In fact, as explained more fully in para. 16, Fasullo had already planned not to close, and was actually waiting to see what the disposition would be of criminal charges pending against plaintiff.  The agreement was memorialized in writing.

19.   Fasullo then backed out of the contract to purchase, relying on his new claim that he could not arrange financing.  This was not true, since unknown to plaintiff, Fasullo closed on a $387,500 Susquehanna County property that he purchased from Norton, on 4/22/10, with Gathany representing Fasullo at that

-4-

closing (Ex. C).

20    The Susquehanna County property was sold for $156,000,
to O'Reilly at the May 25, 2010 Sheriff's sale.

21.    O'Reilly sold a 100% interest in this property to
Fasullo on July 13, 2010, Gathany represented Fasullo at the
closing.  Fasullo paid O'Reilly $166,000 for the 100% interest in
the property, which is much less than he agreed to pay plaintiff,
adjusting for the fact that his contract with plaintiff was to
buy only a half interest.

22.    Gathany also represented Fasullo on 5/28/10 when he
closed on a $160,000, property, on 7/28/10, when he closed on a
$120,000 property, 8/2/10, when he closed on a $31,500 property,
and on 10/20/10, when he closed on a $510,000 property and at
other times.  Gathany also represented Fasullo when Fasullo
transferred property bought in his own name to Fasullo and
Luciano G. Fasullo as tenants in common.


                        Count I

                   Breach of Contract

                   Plaintiff v Gathany

23.    Plaintiff repeats the allegations in paras. 1 through
22, at this location.

24.    Plaintiff and Gathany agreed that in consideration of
money payed by plaintiff to Gathany that Gathany would take the
necessary steps to delay the foreclosure of the properties that
O'Reilly had sold to plaintiff, until plaintiff could sell these
properties.  Plaintiff and Gathany also agreed that plaintiff

would pay Gathany $2000 at the closing of plaintiff's sale to
Fasullo.

25.   While Gathany did secure one continuance of the
O'Reilly foreclosure proceedings, he failed to take the proper
steps to defeat O'Reilly's motion for summary judgment.
Plaintiff had to pay Florida bankruptcy counsel in excess of
$10,000 to file under Chapter 13 in the Tampa bankruptcy court,
to get a stay of the proceedings.

26.   As a result, plaintiff's Susquehanna County property
was foreclosed on by O'Reilly and the property was sold at a
sheriff's sale for $156,000, which was less than it was worth.

Wherefore, plaintiff prays this court enter judgment for him
against Gathany in an amount greater than $75,000, plus interest
and costs.


                          Count II
                     Breach of Contract
                     Plaintiff v Fasullo

27.   Plaintiff repeats the allegations in paras. 1 through
26, at this location.

28.   Plaintiff and Fasullo agreed that in consideration of
$509,900, plaintiff would sell a half interest in 3 properties to
Fasullo and that Fasullo would close on these properties by April
19, 2010.

29.   Plaintiff and Fasullo agreed that the closing date
would be extended but Fasullo told the Century 21 agent, over the
phone from NY that he could not obtain financing and would not

                            -6-

close on the properties.  In fact Fasullo had sufficient funds to close on the properties and therefore breached the agreement.

30.  As a result of Fasullo's failure to close on the properties he agreed to buy from plaintiff, plaintiff sold these same properties for less than half of the amount he and Fasullo had agreed to.

Wherefore, plaintiff prays this court enter judgment for him against Fasulo in an amount greater than $75,000, plus interest and costs.

### Count III

### Civil Rico

### Plaintiff v Fasullo

31.  Plaintiff repeats the allegations in paras. 1 through 36, at this location.

32.  Fasullo is a person that operates an association in fact type enterprise, the Fasullo centered enterprise, that leases gas rights to international oil and gas companies, that are headquartered outside of Pa., who transport the gas to other states and countries, and receives, in return, a per centage of the income from the sale of the gas and from signing or renewing the lease.

33.  Luciano G. Fasullo participates in the operation of this enterprise and is a joint tenant with Fasullo in the Norton and other properties.  Gathany participates in the operation of the enterprise by bringing information to Fasullo about the activities and circumstances of his other clients and by

-7-

preparing relevant documents.

34. The Fasullo centered enterprise conducts its affairs through a pattern of wire fraud, involving false representations over interstate telephone facilities that he will purchase real property at prices that he has no intention of paying, that he can not arrange financing when he is fully able to arrange for financing, and that he will close the sale by specific dates he has no intention of closing by, as is more fully discribed in paras. 16 through 19. It is further alleged that he has engages in these same fraudulent practices at other times within the last 10 years.

35. Plaintiff has been injured since he had to sell the real property described in this complaint for about half of the amount he and Fasullo had agreed to and the revenue plaintiff would have continued to receive from the gas leases, as a result of these acts of interstate wire fraud.

Wherefore, plaintiff prays this court award judgment to him against Fasullo for treble the amount of actual damages, plus interest and costs.

Donald J. Frantz

Plaintiff pro se

Exhibit "A"

# Michael J. Gathany
## Attorney at Law
## 671 Main Street
## PO Box 953
## Hallstead, PA 18822

Phone (570) 879-4822                                     Fax (570) 879-5168

Email mgathany@epix.net

August 16, 2013

Don J. Frantz
JS 3848
SCI Laurel Highlands D B 13-6
PO Box 631
5706 Glades Pike Road
Somerset, PA  15501-0631

### *RE: Rielly vs. Frantz*

Dear Mr. Frantz:

I am the Sheriff's Solicitor.  As such I perform a current owner's search of all mortgage foreclosure properties being sold at Sheriff's Sale.  I was representing the Sheriff's Office.

Very truly yours,

Michael J. Gathany, Esquire

MJG/rln
Enclosure



SUSQUEHANNA County

SHERIFF'S OFFICE



SUSQUEHANNA COUNTY COURTHOUSE

**Lance M Benedict,** *Sheriff*
**Paula J Mack,** *Chief Deputy*
**Karissa L Lewis,** *Real Estate Clerk*

105 Maple Street / PO Box 218
Montrose, Pennsylvania  18801

*Phone:*  570-278-4600 Ext. 141
*Fax:*  570-278-2853

August 22, 2013

Don Frantz
Inmate Number JS 3848
SCI Laurel Highlands DB 13-6
5706 Glades Pike Rd
P.O. Box 631
Somerset, Pa 15501-0631

Don,
1st your question on August 13th Attorney Gathany represents my office and this fee is for a lein search which I require due to Attorneys not listing all lein holders.

I have enclosed per your 2nd request a cover sheet required by the Prothonotary. The cost for starting an action is $117.50 due to the Prothonotary along with required paperwork, at all times following the rules of civil procedures. You should consult with an attorney for legal advice as I am not responsible to send you what is necessary for you to start an action.

Once the paperwork is correctly filed there is a $100.00 deposit required in the Sheriff's Office for service of the complaint. If refunds exist then it will be mailed back.

Respectively,

Lance M Benedict, Sheriff

Exhibit "B"

JUL-21-2009 09:52 FROM:GATHANY LAW OFFICE 570-879-5466

Case 3:13-cv-02345-JMM-KM Document 1 Filed 09/06/13 Page 13 of 20

LAWRENCE P. O'REILLY, et al.   : IN THE COURT OF COMMON PLEAS
         Plaintiffs            : OF SUSQUEHANNA COUNTY, PENNA.
                               :
vs.                            : CIVIL ACTION - LAW
                               :
DONALD FRANTZ                   :
         Defendant             : NO. 2009-508   C.P.
: : : : : : : : : : : : : : : : : : : : : : : : : : : :

## MOTION FOR CONTINUANCE

   AND NOW comes Defendant, Donald Frantz by and through his attorney, Michael J. Gathany, Esquire and respectfully requests the following:

1. Movant is the Respondent in the above captioned case.

2. Case argument is scheduled for July 21, 2009 at 11:45 A.M.

3. Movant retained undersigned as his attorney on July 20, 2009.

4. Counsel is unavailable for said hearing due to a conflict in schedule.

5. Movant requests a continuance to a date certain.

   WHEREFORE, Respondent requests Your Honorable Court continue said hearing to a date certain.

                                    /s/ Michael J. Gathany
                                    Michael J. Gathany, Esquire
                                    Attorney for Defendant
                                    671 Main Street
                                    PO Box 953
                                    Hallstead, PA 18822
                                    (570) 879-4822

FILED SUSQUEHANNA COUNTY 2009 JUL 21 AM 10: 44 PROTHONOTARY CLERK OF COURTS

LAWRENCE T. O'REILLY, et al      : IN THE COURT OF COMMON PLEAS

v.                                   : SUSQUEHANNA COUNTY, PA

DONALD FRANTZ               : NO. 2009-908 CP

---

## ORDER

NOW TO WIT, this 21ˢᵗ of July, 2009, upon consideration of the attached Motion for Continuance, it be and is hereby Ordered that the argument on Motion for Summary Judgement schedule for July 21, 2009 at 11:45 a.m is Continued to September 1, 2009 at 11:15 a.m.

BY THE COURT,

_____
KENNETH W. SEAMANS, P.J.

Exhibit "C"



**MARY F. EVANS**
Register of Wills - Recorder of Deeds
Clerk of Orphans' Court Division
Court of Common Pleas of Susquehanna County
**PO BOX 218**
**MONTROSE, PA  18801-0218**

(570) 278-4600

SUSQUEHANNA COUNTY COURT HOUSE
MONTROSE, PENNSYLVANIA

Instrument Number - 201005810
Recorded On 4/22/2010 At 9:18:40 AM
* Instrument Type - DEED
Invoice Number - 73735
* Grantor - NORTON, TAMMY L
* Grantee - FASULLO, MARIO
* Customer - MICHAEL J GATHANY
* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $3,875.00 |
| STATE WRIT TAX | $0.50 |
| STATE JCS/ACCESS TO JUSTICE | $23.50 |
| RECORDING FEES - RECORDER OF DEEDS | $14.50 |
| AFFORDABLE HOUSING | $13.00 |
| COUNTY IMPROVEMENT FEE | $2.00 |
| RECORDER IMPROVEMENT FEE | $3.00 |
| MOUNTAIN VIEW SCHOOL REALTY TAX | $1,937.50 |
| HARFORD TOWNSHIP | $1,937.50 |
| TOTAL PAID | $7,806.50 |

* Total Pages - 3

```
This is a certification page

DO NOT DETACH

This page is now part
of this legal document.
```

**RETURN DOCUMENT TO:**
MARIO FASULLO
42 SUPERIOR ROAD
FLORAL PARK, NY 11001

I hereby CERTIFY that this document is recorded in the
Recorder's Office of Susquehanna County, Pennsylvania.



MARY F. EVANS
RECORDER OF DEEDS

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

001KQW


# This Deed,

MADE the 21ˢᵗ day of April in the year two thousand ten (2010)

BETWEEN, *TAMMY L. NORTON* and *NORMAN N. NORTON*, her husband, of 430 Norton Road, New Milford, Pennsylvania 18834 hereinafter called

**GRANTORS**

**AND**

*MARIO FASULLO*, of 42 Superior Road, Floral Park, New York 11001 hereinafter called

**GRANTEE**

WITNESSETH, That in consideration of *THREE HUNDRED EIGHTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($387,500.00)* in hand paid receipt whereof is hereby acknowledged, the said Grantors do hereby grant and convey unto the said Grantee, his heirs and/or assigns:

*Parcel 1*

ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate, lying and being in the Township of Harford, County of Susquehanna and State of Pennsylvania, bounded and described as follows to wit:

On the North by A.G. Roach, on the East by Stephen S. Golenski, on the South by R. Colwell and on the West by E. Jones and George Tingley.

CONTAINING 40 acres of land more or less.

The above-described premises are conveyed under and subject to that portion of the public highway over and across the same.

Hazardous waste is not being disposed of, nor has it ever been disposed of on the property conveyed herein by the Grantor or to the Grantor's actual knowledge.

BEING those same premises conveyed to Tammy L. Norton, married, from Rosemary A. Golenski, single, by deed dated October 2, 2007and recorded October 2, 2007 in the Office of the Recorder of Deeds in and for Susquehanna County in Deed Instrument Number 200710770.

*Parcel 2*

ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate, lying and being in the Township of Harford, County of Susquehanna and State of Pennsylvania, bounded and described as follows to wit:

BEGINNING in the center of State Road No. 57029 in the line of lands of Raymond Colwell; thence along the line of lands of said Colwell bearing South 43° 31' West 890 feet through a tree on line and along a wire fence and hedge row to an iron pin corner; thence along a new division line through lands of Leland Warner bearing North 38° 32' West 1716.42 feet to an iron pin corner in the line of lands of A. G. Roach; thence along the line of lands of said Roach bearing North 43° 56' East 890 feet partly along a stone wall to the center of the aforesaid State Road No. 57029; thence along the center of said State Road the following six courses:  1)  Bearing South 43° 50' East 227.53 feet;  2)  South 42° 06' East 298.97 feet;  3)  South 35 ° 06' 30" East 298.11 feet;  4)  South 35° 39' 30" East 297.03 feet;  5)  South 39 ° 20' East 298.83 feet; and  6)  South 36° 00' East 292.32 feet to the place of beginning.

EXCEPTING AND RESERVING a right-of-way 16 feet in width having a centerline described as follows:

BEGINNING in the Southwesterly edge of the right-of-way for State Road No. 57029, said beginning point being 378.82 feet from the line of lands of A. G. Roach as measured along the Southwesterly edge of said State Road right-of-way; thence along the Southwesterly edge of said State Road right-of-way; thence along a newly located line bearing South 83° 32' West 140.32 feet to the center of an existing roadway; thence along the center of said existing roadway the following eight courses:  1)  Bearing North 72° 11' 45" West 131.73 feet;  2)  North 81° 55' WEST 109.49 FEET;  3)  South 82° 02' West 89.90 feet;  4)  South 55° 56' 30" West 62.40 feet;  5)  South 44° 00' 45" West 158.72 feet;  6)  South 39° 36' West 61.10 feet;  7)  South 33° 05' 15" West 111 feet; and  8)  South 53° 41' 45" West 169.50 feet to the line of other lands of Leland Warner.

CONTAINING 35 acres, exclusive of 16 foot right-of-way. Surveyed October 23-27, 1970 by Stuart Milnes, Registered Surveyor.

UNDER AND SUBJECT to an Oil and Gas Lease to Elexco Land Services, Inc. dated November 19, 2007 and recorded December 24, 2007 in Susquehanna County Deed Instrument Number 200713781. Said Lease was assigned to Sun Energy Products, Inc. by Assignment of Oil and Gas Lease dated April 29, 2008 and recorded May 20, 2008 in Susquehanna County Deed Instrument Number 200807087.

The Grantors herein, grant and convey to the Grantee herein, any rights, title and interest, in and to an Oil and Gas Lease recorded in Susquehanna County Deed Instrument Number 20080787, including oil and gas lease royalties and profits and any and all leases affecting the property herein conveyed as well as all gas, oil and mineral rights.

The above-described premises are conveyed under and subject to that portion of the public highway over and across the same.

Hazardous waste is not being disposed of, nor has it ever been disposed of on the property conveyed herein by the Grantors or to the Grantors' actual knowledge.

BEING those same premises conveyed to Tammy L. Norton, married, from Rosemary A. Golenski, single, by deed dated October 2, 2007 and recorded October 2, 2007 in the Office of the Recorder of Deeds in and for Susquehanna County in Deed Instrument Number 200710770.

AND the said Grantor will generally WARRANT AND FOREVER DEFEND the property herein conveyed.

IN WITNESS WHEREOF, said Grantor has hereunto set her hand and seal, the day and year first above-written.

Sealed and delivered in the presence of

..................................................        _Tammy N Norton_____(SEAL)
                                                          TAMMY L. NORTON

..................................................        _Tammy N Norton POA Norma Norton___(SEAL)
                                                          NORMAN N. NORTON

COMMONWEALTH OF PENNSYLVANIA          :
                                      : §
COUNTY OF SUSQUEHANNA                 :

On this, the _21_ day of _April_ , 2010, before me a notary public the undersigned officer, personally appeared **Tammy L. Norton and Norman N. Norton**, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and seal.

_____

My Commission Expires

NOTARIAL SEAL
FRANCIS X. O'CONNOR, Notary Public
Great Bend Boro , Susquehanna County
My Commission Expires August 2, 2010

### CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of the Grantees herein is as follows:
42 Superior Road, Floral Park, New York 11001

_____
Michael J. Gathany, Esquire
Attorney or Agent for Grantee

Donald J. Frantz
JS 3848
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501-0631

August 30, 2013

Clerk, U.S. District Court
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Re:  Donald J. Frantz v. Mario Fasullo, et al.

Dear Clerk:

Enclosed for filing is the complaint in the referenced
matter and a check in the amount of $350.00 to pay the filing
fee.  Since I am both pro se and incarcerated I am unable to use
the electronic filing system.  I have also enclosed an extra copy
of the first page of the complaint.  I would appreciate it if you
would stamp that page as being filed, include the assigned case
number and judges name and return that page to me in the return
envelope that I have enclosed.

Very truly yours,

Donald J. Frantz
Plaintiff pro se

Don Frantz KS 3848
SCI LAUREL HIGHLANDS
P.O. BOX 631, D-B-13·6
5706 GLADES PIKE Rd,
SOMERSET, Pa. 15501-0631



CLERK
235
P.
SC
1