**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. FRANTZ,<br><br>            Plaintiff,<br><br>v.<br><br>MARIO FASULLO, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 3:13-CV-02345<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

This is a diversity action in which the *pro se* Plaintiff, Donald J. Frantz, asserts state law breach of contract and civil conspiracy claims against the Defendants, related to foreclosure proceedings on real property formerly owned by Frantz, efforts to accomplish a private sale of that property prior to foreclosure, and a subsequent sheriff's sale of that same property. One of the Defendants, attorney Michael J. Gathany, was allegedly hired by Frantz to represent him in the foreclosure proceedings and the private sale negotiations. Frantz claims that Gathany breached an oral contract between the two when he failed to file a brief in opposition to the mortgagee's motion for summary judgment in the foreclosure proceedings, when he provided legal services to the local sheriff in performing a title search on the property in connection with a sheriff's sale, and when he represented the other Defendant, Mario Fasullo, as closing attorney in Fasullo's acquisition of the property from a non-party who had acquired it at the sheriff's sale. Frantz further claims that Gathany's actions were in furtherance of a broader civil conspiracy between himself and Fasullo, in which Gathany would disclose confidential client information to Fasullo, participate in sham sale negotiations between his clients and Fasullo as a delaying tactic until the distressed properties would go into foreclosure, act as closing attorney to facilitate Fasullo's acquisition of the properties post-foreclosure, and share in the proceeds of

subsequent gas and oil leases related to those properties. (*See generally* Doc. 23).

For his part, Gathany appears to admit that he was engaged by Frantz over the telephone to represent him as counsel of record in foreclosure proceedings, and that Gathany appeared and obtained a continuance of those state court proceedings. (Doc. 28, at 2–3). All other details about the nature and scope of their attorney-client agreement, however, are disputed. In his motion papers, Gathany has represented that Frantz never remitted an agreed-upon retainer fee, and thus Gathany terminated the attorney-client relationship after having obtained a single continuance of the foreclosure proceedings for Frantz. (Doc. 31, at 2–3).

On April 24, 2014, Gathany filed a notice of intention to enter judgment *non pros*, pursuant to Rule 1042.7 of the Pennsylvania Rules of Civil Procedure, claiming that Frantz had asserted professional liability claims against Gathany without also filing a certificate of merit. (Doc. 15). On May 23, 2014, Frantz responded by filing a motion to determine that a certificate of merit is unnecessary, pursuant to Rule 1042.6(c) of the Pennsylvania Rules of Civil Procedure, together with a brief in support of his motion. (Doc. 25; Doc. 26). On June 3, 2014, Gathany filed a brief in opposition to the motion. (Doc. 31). On June 13, 2014, Frantz filed his reply brief. (Doc. 33).

Pennsylvania law requires a plaintiff alleging legal malpractice to file a certificate of merit, which must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by the attorney-defendant fell outside acceptable professional standards,[1] or that

---

[1] If the plaintiff is proceeding *pro se*, a copy of the licensed professional's written statement must be attached to the certificate of merit. Pa. R. Civ. P. 1042.3(e).

2

expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011). Ignorance of the rule does not excuse failure to comply, even for a *pro se* plaintiff. *See Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004).

Under Rule 1042.3, a plaintiff asserting a professional liability claim must file a certificate of merit within sixty days after the filing of the complaint. Pa. R. Civ. P. 1042.3(a). This sixty-day time period may be extended by the court for successive periods of up to sixty days each, with no limit on the number of sixty-day extensions that the court might grant. Pa. R. Civ. P. 1042.3(d) & note. Such a motion to extend is timely filed if it is filed within thirty days after the defendant files a notice of intention to enter judgment non pros or before the expiration of any extension of time previously granted by the court, whichever is later. Pa. R. Civ. P. 1042.3(d).

Under Rules 1042.6 and 1042.7, a defendant to a professional liability claim may seek to have the complaint dismissed if the plaintiff has failed to file the requisite certificate of merit. In Pennsylvania state court, this is a two-step procedure. First, the defendant may file a written notice of intention to enter judgment non pros, but no sooner than the thirty-first day after the filing of the complaint. Pa. R. Civ. P. 1042.6(a). Then, no less than thirty days after the filing of the notice of intention, the defendant may file a praecipe for entry of judgment non pros. Pa. R. Civ. P. 1042.7(a). In the interim, the plaintiff may file a motion to extend the time to file a certificate of merit or a motion for a determination that a certificate of merit is not necessary.

Pa. R. Civ. P. 1042.3(d); Pa. R. Civ. P. 1042.6(c).[2] If no certificate of merit has been filed at the time of the defendant's praecipe, and there is no pending timely motion to extend or motion for a determination that a certificate of merit is unnecessary, the prothonotary must enter judgment non pros against the plaintiff. Pa. R. Civ. P. 1042.7(a).

In the federal system, applying Pennsylvania law, the procedure is necessarily different as "there is no procedural mechanism for a defendant to ask the clerk of court to dismiss a claim. Rather, failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss." *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); *see also Keel-Johnson v. Amsbaugh*, No. 1:07-CV-200, 2009 WL 648970, at *3 & n.2 (M.D. Pa. Mar. 10, 2009). Ordinarily, dismissal for failure to file a certificate of merit is without prejudice. *See Donnelly v. O'Malley & Langan, PC*, 370 Fed. App'x 347, 350 (3d Cir. 2010) (per curiam); *Booker v. United States*, 366 Fed. App'x 425, 427 (3d Cir. 2010). *But see Slewion v. Weinstein*, No. 12-3266, 2013 WL 979432, at *1 (3d Cir. Mar. 14, 2013) (per curiam) (dismissal with prejudice appropriate where statute of limitations has run and amendment would be futile).

In this case, Gathany has provided notice of his intent to seek judgment *non pros*, and Frantz has responded by moving pursuant to Rule 1042.6(c) for a determination by the Court whether a certificate of merit is necessary. Gathany contends that the claims against him are professional liability claims, and therefore the filing of a certificate of merit is a prerequisite to

---

[2] Rule 1042.6(c) permits a plaintiff to file a motion for a determination that a certificate of merit is not necessary at any time prior to entry of judgment non pros. Pa. R. Civ. P. 1042.6(c) & note. If the court determines that a certificate of merit is necessary, the plaintiff is then required to file a certificate of merit within twenty days of the court order. Pa. R. Civ. P. 1042.6(c).

further litigation of these claims against him. In response, Frantz has filed the instant motion to determine that a certificate of merit is not necessary (Doc. 25). Frantz argues that his claims are not professional liability claims but simple breach of contract claims, making expert testimony on applicable professional standards of care unnecessary.

"Under Pennsylvania law, a client may bring both a contract action and a tort action against a professional." *Zokaites Contracting Inc. v. Trant Corp.*, 968 A.2d 1282, 1287 (Pa. Super. Ct. 2009); *see also Williams v. Sturm*, 110 F. Supp. 2d 353, 357 (E.D. Pa. 2000) ("Legal malpractice claims in Pennsylvania can sound in trespass — negligence — or assumpsit — contract.") (citing *Bailey v. Tucker*, 621 A.2d 108, 112 (Pa. 1993)). "To establish a breach of duty in a professional negligence action, a plaintiff must show that the defendant's conduct fell below the relevant standard of care applicable to the rendition of the professional services at issue." *Zokaites*, 968 A.2d at 1287; *see also Williams*, 110 F. Supp. 2d at 358 ("A legal malpractice action arising out of a civil representation requires a plaintiff to prove . . . failure of the attorney to exercise ordinary skill and knowledge . . . .") (citing *Bailey*, 621 A.2d at 112).

Expert testimony is generally required in a legal malpractice case, unless the issue is so simple or the lack of skill or want of care is so obvious that it is clearly within the range of experience and comprehension of an ordinary layperson. *See Lentino v. Fringe Emp. Plans, Inc.*, 611 F.2d 474, 480–81 (3d Cir. 1979); *Rizzo v. Haines*, 555 A.2d 58, 67 & n.10 (Pa. 1989); *Zokaites*, 968 A.2d at 1287; *Storm v. Golden*, 538 A.2d 61, 64–65 (Pa. Super. Ct. 1988). "The kinds of cases in which the standard of care is so evident as to not require expert testimony may include where an attorney misses a filing deadline or allows a statute of limitations to expire, failure of counsel to investigate and inform a client of settlement offers, or where a lawyer engages in financial transactions with a client." *Javaid v. Weiss*, No. 4:11-CV-1084, 2013 WL

5351083, at *13 (M.D. Pa. Sept. 23, 2013) (citations omitted).

The gravamen of the amended complaint appears to be that Gathany's representation of Frantz in the foreclosure proceedings and related sale negotiations was compromised by conflicts of interest, whether due to Gathany's concurrent representation of Fasullo or his alleged shared interest in the proceeds of oil and gas leases secured on this and other properties acquired by Fasullo. It such cases, expert testimony is typically necessary to establish the applicable professional standard of care. See *Beach Tree Run, Inc. v. Kates*, No. 99-CV-5993, 2000 WL 1269839, at *8 (E.D. Pa. Sept. 7, 2000); *Romy v. Burke*, No. 1236 May Term 2002, 2004 WL 3050866, at *3 (Philadelphia C.C.P. Dec. 28, 2004); *Destefano & Assocs., Inc. v. Cohen*, No. 2775 June Term 2000, 2002 WL 1472340, at *3 n.4 (Philadelphia C.C.P. May 23, 2002). Based on the record before the Court, Frantz's claims against Gathany may also involve a question as to whether Gathany satisfied the applicable professional standard of care with respect to preserving Frantz's legal interests when he withdrew from the representation. See *Parkinson v. Kitteridge, Donley, Elson, Fullem & Embick, LLP*, No. 0506 Mar. Term 2005, 2006 WL 2008922, at *3 (Philadelphia C.C.P. July 10, 2006) (requiring expert testimony). See generally Pa. R. Prof'l Conduct 1.16(d).

Frantz attempts to avoid the certificate of merit requirement by characterizing his claims as ones sounding in contract rather than negligence. But "a plaintiff may not avoid the obligations imposed by Rule 1042.3 by cloaking a claim based on breach of professional duty in the language of ordinary negligence, breach of contract, or fraudulent representation." *Perez v. Griffin*, No. 1:06-CV-1468, 2008 WL 2383072, at *4 (M.D. Pa. June 9, 2008). The certificate of merit requirement applies to "*any action* based upon an allegation that a licensed professional deviated from an acceptable professional standard." Pa. R. Civ. P. 1042.3(a) (emphasis added).

In addition to the express provisions of an attorney-client agreement, "[a]n attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." *Bailey*, 621 A.2d at 115. Thus, absent allegations that the attorney failed to follow specific client instructions or breached a specific provision of their contract, a client's breach of contract claim against a lawyer "is not a true contract cause of action but sounds in negligence by alleging [that the attorney] failed to exercise the appropriate standard of care." *Storm*, 538 A.2d at 65; *see also Edwards v. Thorpe*, 876 F. Supp. 693, 694 (E.D. Pa. 1995) ("[W]hen a plaintiff's cause of action is based on the attorney's failure to exercise due care, it will sound in contract only if the attorney fails to follow the client's specific instructions or, by her negligence, breaches a specific provision of the contract.").

The amended complaint does not allege that Frantz gave any specific instructions to Gathany, nor that Gathany failed to follow any specific client instructions, but merely alleges generally that Frantz retained Gathany to represent him in the foreclosure proceedings with the purpose of delaying foreclosure for as long as possible so Frantz could sell the property. Moreover, the amended complaint does not allege that Gathany breached any specific provisions of the attorney-client agreement. At best, the amended complaint appears to describe the most basic of attorney-client agreements — an oral agreement over the telephone that Gathany would provide professional services to Frantz, including legal representation in the state court foreclosure proceedings, in exchange for a fee. The only specific provision articulated in the record before the Court is a requirement that Frantz remit a $1,000 retainer to Gathany, which Gathany claims was never paid. Under these circumstances, Frantz's claims can only be characterized as professional liability claims, as to which the certificate of merit

requirement applies, and not ordinary contract claims.

Accordingly, the Court concludes that a certificate of merit is required for Frantz to proceed with this action against Gathany. Therefore, Frantz's motion (Doc. 25) will be **DENIED** and he will be ordered to file the certificate within twenty days of the date of the accompanying Order. *See* Pa. R. Civ. P. 1042.6(c).

Generally, a certificate of merit must attest that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm alleged. Pa. R. Civ. P. 1042.3(a)(1). Moreover, because Frantz is proceeding *pro se* in this action, a copy of the appropriate licensed professional's written statement must be attached to any certificate of merit submitted pursuant to Rule 1042.3(a)(1). Pa. R. Civ. P. 1042.3(e).

In the alternative, however, the certificate of merit may attest that expert testimony of a licensed attorney is unnecessary. Pa. R. Civ. P. 1042.3(a)(3). Although perhaps counterintuitive given the Court's finding that a certificate of merit is necessary, a district court is not free to reject a plaintiff's reliance on Rule 1042.3(a)(3) and dismiss the complaint for failure to file a certificate of merit under Rule 1042.3(a)(1). *Liggon-Redding*, 659 F.3d at 265 & n.5; *see also Scales v. Witherite*, No. 3:10-CV-0333, 2011 WL 5239142, at *2 (M.D. Pa. Nov. 1, 2011) ("[A] filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement."). In such a case, the plaintiff will be barred from offering expert testimony later in the litigation, absent exceptional circumstances, and the consequence of the plaintiff's decision to forego a Rule 1043.2(a)(1) certification should be dealt with on summary judgment or at trial. *Liggon-Redding,*

requirement applies, and not ordinary contract claims.

Accordingly, the Court concludes that a certificate of merit is required for Frantz to proceed with this action against Gathany. Therefore, Frantz's motion (Doc. 25) will be **DENIED** and he will be ordered to file the certificate within twenty days of the date of the accompanying Order. *See* Pa. R. Civ. P. 1042.6(c).

Generally, a certificate of merit must attest that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm alleged. Pa. R. Civ. P. 1042.3(a)(1). Moreover, because Frantz is proceeding *pro se* in this action, a copy of the appropriate licensed professional's written statement must be attached to any certificate of merit submitted pursuant to Rule 1042.3(a)(1). Pa. R. Civ. P. 1042.3(e).

In the alternative, however, the certificate of merit may attest that expert testimony of a licensed attorney is unnecessary. Pa. R. Civ. P. 1042.3(a)(3). Although perhaps counterintuitive given the Court's finding that a certificate of merit is necessary, a district court is not free to reject a plaintiff's reliance on Rule 1042.3(a)(3) and dismiss the complaint for failure to file a certificate of merit under Rule 1042.3(a)(1). *Liggon-Redding*, 659 F.3d at 265 & n.5; *see also Scales v. Witherite*, No. 3:10-CV-0333, 2011 WL 5239142, at *2 (M.D. Pa. Nov. 1, 2011) ("[A] filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement."). In such a case, the plaintiff will be barred from offering expert testimony later in the litigation, absent exceptional circumstances, and the consequence of the plaintiff's decision to forego a Rule 1043.2(a)(1) certification should be dealt with on summary judgment or at trial. *Liggon-Redding,*

659 F.3d at 265. *See generally* *Redding v. Estate of Sugarman*, 535 Fed. App'x 99 (3d Cir. 2013) (affirming summary judgment against plaintiff who failed to proffer expert testimony to establish relevant professional standards and breach thereof).

An appropriate Order follows.

**BY THE COURT:**

Dated: November 13, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**