# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. FRANTZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-02345 |
| v. | (MUNLEY, J.) |
| | (MEHALCHICK, M.J.) |
| MARIO FASULLO, et al., | |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

On May 18, 2006, the Court issued an Order (Doc. 71) directing Plaintiff, Donald J. Frantz, to show cause why the case should not be dismissed for failure to prosecute. The deadline for Frantz to respond to that Order was extended to July 1, 2016 (Doc. 72). On July 5, 2016, Frantz filed a request for relief (Doc. 77), together with a motion for appointment of counsel, in response to the Court's Order. On that same date, Defendant Michael J. Gathany filed a motion to dismiss for lack of prosecution (Doc. 76). Neither party filed a brief in support of their respective motions.[1] For the following reasons, it is recommended that this matter be dismissed.

---

[1] *See* Local Rule 7.5, which states, in pertinent part, as follows: "Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion…. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Further, though Defendant did file a brief in opposition to Plaintiff's request for relief, he fails to cite any case law, rules of procedure, or other authority in support of his position that the matter should be dismissed, either in his own motion or in his brief in opposition to Defendant's request for relief.

I. **BACKGROUND**

Frantz has alleged counts of Breach of Contract and Civil Rico against Defendants Gathany and Fasullo. (Doc. 23). Defendant Gathany has filed an answer (Doc. 28) to the amended complaint. Frantz's allegations arise out of his alleged purchase of a piece of property in Susquehanna County, the subsequent foreclosure action against Frantz's property, and the hiring of Defendants in connection with that action. Frantz has failed to be able to effectuate service on one defendant named in his complaint, Mario Fasullo. Frantz failed to timely produce his Rule 26 disclosures to Defendant, failed to respond to discovery requests, and failed to appear for his properly noticed deposition on December 29, 2015. (Doc. 65). On January 13, 2016, during a telephonic status conference, Frantz advised the Court that he could not pursue his case any further, and the Court ordered that he file a notice with the Court stating as much on or before February 15, 2016. (Doc. 69). Frantz failed to file said notice, and on May 18, 2016, the Court ordered Frantz to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. 71). Despite being granted an extension of time to file a response, Frantz still failed to timely file a response to the Court's Order.

II. **DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir.1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir.1992). Specifically, a plaintiff's failure to comply with a court order constitutes failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir.2002); *Collinsgru v. Palmyra Bd. of Educ.*, 161F.3d 225, 230 (3d Cir.1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b).")

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984):(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware*, 322 F.3d at 221; *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–78 (3d Cir.1994) (applying *Poulis* factors to dismissal under Rule 41(b)). The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992). No one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek v. Rigatti*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988). Instead, the decision must be made in the

context of the district court's extended contact with the litigant. A careful assessment of the *Poulis* factors in this case weighs heavily in favor of dismissing this action.

  A. PLAINTIFF'S PERSONAL RESPONSIBILITY.

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the plaintiff. Because Frantz is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir.1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 Fed.Appx. 113, 117 (3d Cir.2011); *see also Gieniec v. Smith*, No.3:09–cv–02330, 2011 WL 6130723, at *1 (M.D.Pa. Dec.8, 2011) ("Plaintiff is proceeding *pro se*, and thus is responsible for ... informing the Court of his address, responding to discovery requests, and complying with Court orders."). Frantz has repeatedly failed to abide by court orders and neglected to litigate this case. Specifically, Frantz failed to timely produce his Rule 26 disclosures to Defendant, failed to respond to discovery requests, and failed to appear for his properly noticed deposition on December 29, 2015. (Doc. 65).

On January 13, 2016, during a telephonic status conference, Frantz advised the Court that he could not pursue his case any further, and the Court ordered that he file a notice with the Court stating as much on or before February 15, 2016. (Doc. 69). Frantz failed to file said notice, and on May 18, 2016, the Court ordered Frantz to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. 71). Despite being granted an extension of time to file a response, Frantz still failed to timely file a response to the Court's Order.

Further, Frantz has failed to be able to effectuate service on one defendant named in his complaint, Mario Fasullo. Frantz is responsible for identifying the Defendants and providing

their addresses in order to effectuate service. See Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served."); *Fulton v. United States*, 198 F. App'x 210, 214 (3d Cir. 2006) (noting that plaintiff is responsible for identifying the parties named as defendants in order to effectuate service). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a district court must dismiss an action without prejudice as to a defendant after notice to the plaintiff if service of the complaint is not made upon that defendant within 90 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). In the absence of good cause, the District Court may, in its discretion, also consider whether any additional factors warrant an extension of time. See *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995). In this case, Frantz has been granted several extensions of time in which to attempt to serve Defendant Fasullo, but service has not been effectuated.

For these reasons, the first *Poulis* factor, the party's personal responsibility, weighs in favor of dismissal.

    B. PREJUDICE TO THE MOVING PARTY

A finding of prejudice does not require "irremediable harm." Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003). Indeed, "it is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D.Pa.1961). Despite request for extensions, he has repeatedly failed to comply with Court orders, and has failed to participate in discovery in this case. His actions have created an unnecessary stalemate, which prevents Defendant

Gathany from moving forward with this litigation, and renders the time and resources expended by Defendant largely unproductive and unable to prepare for trial at this point. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### C. HISTORY OF DILATORINESS

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d. Cir.1994); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003) (finding a history of dilatory conduct where the plaintiffs repeatedly failed to provide a calculation of damages for the defendant); *Emerson v. Theil College*, 296 F.3d 184, 191 (3d Cir.2002) (finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir.2008) (citation removed) (refusing to find a history of dilatory conduct where plaintiff refused to attend one scheduled deposition). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts … in light of its behavior over the life of the case." *Adams,* 29 F.3d at 875.

Here, Frantz's failure to appear for a status conference and his failure to comply with numerous discovery requests on behalf of the Defendants evinces a pattern of dilatory conduct. As stated above, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d at 261 (*citing Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir.1984)). However, when considering the span of this litigation, Frantz's failure to

appear for the status conference, coupled with his failure to conduct discovery and his failure to submit a brief in opposition to Defendants' motion to dismiss, weighs in favor of dismissal.

### D. PARTY'S WILLFUL OR BAD FAITH

This factor requires a court to consider whether the plaintiff's conduct reflects mere inadvertence or negligence, or rather "strategic," intentional or self-serving behavior." *Adams*, 29 F.3d at 875. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262. Generally, willfulness involves intentional or self-serving behavior. *Id.* Conversely, "[i]f the conduct is merely negligent or inadvertent, [the court] will not call the conduct 'contumacious.'" *Id.* Here, the facts are insufficient to support a conclusion that Frantz's conduct to date has been willful or in bad faith. Frantz has suggested that his failure to conduct discovery as well as his failure to attend at least one of the conferences was allegedly the result of "health issues." Accordingly, the Court finds that this factor does not weigh in favor of dismissal.

### E. AVAILABILITY OF ALTERNATIVE SANCTIONS

In considering the fifth factor, the effectiveness of alternative sanctions, this Court finds that there are no appropriate sanctions other than dismissal. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." See *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir.2011); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir.2002) (per curiam); *see eg., Nowland v. Lucas*, Civil No .1:10–CV–1963, 2012 WL 10559, at *6 (M.D.Pa. Jan.3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Frantz's status as a *pro se* litigant prevents

this Court from sanctioning him or using alternative sanctions to steer this litigation onward. Accordingly, this factor weighs in favor of Defendants.

### F. MERIT OF PLAINTIFF'S CLAIM

"A claim ... will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff ...." *Poulis*, 747 F.2d at 87. Frantz has alleged counts of Breach of Contract and Civil Rico 1962(c) and (d) against Defendants Gathany and Fasullo. (Doc. 23). While on its face, Frantz's amended complaint (Doc. 23) appears to state a claim, and Defendant Gathany has filed an answer (Doc. 28) to the amended complaint, with the absence of any discovery or record before the Court, it is nearly impossible for this Court to determine the meritoriousness of Frantz's claims at this juncture. Further, consideration of this factor cannot save this Frantz's claims, since he is now non-compliant with his obligations as a litigant. Frantz cannot fail to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. *Turner v. Lopez*, No. CIV.A. 3:13-872, 2013 WL 5603260, at *6 (M.D. Pa. Oct. 10, 2013). Furthermore, as stated above, it is well-settled that "'no single *Poulis* factor is dispositive,' *Ware*, 322 F.3d at 222, [and it is] clear that 'not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.' *Mindek*, 964 F.2d at 1373." *Briscoe v. Klaus*, 538 F.3d at 263. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions. *Turner v. Lopez*, No. CIV.A. 3:13-872, 2013 WL 5603260, at *6 (M.D. Pa. Oct. 10, 2013). Accordingly, this factor weighs in favor of dismissal.

- 9 -

**III.     RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss (Doc. 76) be **GRANTED**, Plaintiff's Motion for Order to Show Cause be **DENIED**, this case be dismissed, and the Clerk of Court be directed to close this case.

**Dated: October 26, 2016**                                                         *s/ Karoline Mehalchick*
                                                                                                           **KAROLINE MEHALCHICK**
                                                                                                           **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. FRANTZ,<br><br>                Plaintiff,<br><br>        v.<br><br>MARIO FASULLO, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:13-CV-02345<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 26, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 26, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**